**KNOBBE, MARTENS, OLSON & BEAR, LLP**

Thomas Y. Yee
thomas.yee@knobbe.com
Suyoung Jang (*pro hac vice forthcoming*)
suyoung.jang@knobbe.com
1155 Avenue of the Americas
24th Floor
New York, NY 10036
Telephone: (212) 849-3000

Joseph F. Jennings (*pro hac vice forthcoming*)
joseph.jennings@knobbe.com
Marko R. Zoretic (*pro hac vice forthcoming*)
marko.zoretic@knobbe.com
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404

*Attorneys for E & E CO., LTD.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E & E CO., LTD.,<br><br>                Plaintiff,<br><br>                - against -<br><br>LONDON LUXURY LLC,<br><br>                Defendant. | Civil Action No.    20-CV-9610<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**AND JURY TRIAL DEMAND** |

Plaintiff E & E Co., Ltd. ("Plaintiff" or "E&E") hereby complains of Defendant London Luxury LLC ("Defendant"), and alleges as follows:

## PARTIES

1.      E&E is a corporation organized and existing under the laws of California, having its principal place of business at 45875 Northport Loop East, Fremont, California, 94538.

2.      E&E, which does business as JLA Home, provides globally sourced top quality home furnishings, which E&E designs, brands, imports, markets, distributes, wholesales and retails throughout the Western Hemisphere and parts of Asia.

3.      Upon information and belief, Defendant is a New York limited liability company with its principal place of business in this district, namely New Rochelle, New York.

4.      On information and belief, Defendant is primarily engaged in the wholesale distribution of home furnishings and housewares.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and more particularly, 35 U.S.C. §§ 271 and 281.

6.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      The Court has personal jurisdiction over Defendant because Defendant is a New York corporation with its principal place of business in the Southern District of New York.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Defendant resides in this district and has committed infringement through its regular and established place of business in this district.

## THE '376 PATENT

9.      E&E is a leader in the design and manufacture of home furnishings including sheet-sets, comforters, blankets, throws, heated-blankets, heated-throws, mattress pads, window and shower curtains, pillows, tables, chairs and wall-art.

10.     E&E is the lawful owner by assignment of all right, title and interest in  U.S. Patent No. 10,820,376 ("the '376 Patent") entitled "Heating blanket having an embedded control switch and an external control module." A copy of the '376 Patent is attached hereto as Exhibit

A. The '376 Patent has been duly and legally issued by the United States Patent and Trademark Office.

11.     The '376 Patent describes and claims improved heating blanket systems and methods of using such improved heating blanket systems.

12.     The improved heating blanket systems of the '376 Patent include a blanket having one or more heating wires embedded within the blanket.

13.     The improved heating blanket systems of the '376 Patent further include a soft control switch embedded in the blanket at a first position on the blanket.  The soft control switch is configured to allow a user to adjust a temperature setting of the blanket and the soft control switch is water secure for washing.

14.     The improved heating blanket systems of the '376 Patent further include a display located at a second position on the blanket, which is proximate to the first position.  The display is also water secure for washing.

15.     The improved heating blanket systems of the '376 Patent further include a connector located at a third position on the blanket, which is separated from the first position and the second position.

16.     The improved heating blanket systems of the '376 Patent further include a power wire embedded in the blanket and electrically coupling the connector and the soft control switch, the power wire being different than the one or more heating wires.

17.     The improved heating blanket systems of the '376 Patent further include an external control module external to the blanket and detachably connectable to the connector and to the one or more heating wires, the external control module is configured to receive the

temperature setting from the soft control switch and configured to control current flow through the one or more heating wires based on the temperature setting.

## DEFENDANT'S INFRINGING HEATING BLANKET SYSTEM

18.    Upon information and belief, Defendant has made, used, offered for sale, and or/sold within the United States, and/or imported into the United States heated blanket products, including "heated throw" blankets, including products offered for sale and sold, at least, on Amazon.com, in Costco stores, and on the Costco website, under the brand name "Brookstone", shown below ("Heated Throw Products").  The Heated Throw Products are shown below.







19.     As set forth below, the Heated Throw Products include all of the limitations of at least Claim 1 of the '376 Patent.

20.     The Heated Throw Products are heating blanket systems.

21.     The Heated Throw Products include a blanket.

22.     The Heated Throw Products include a blanket having one or more heating wires.

23.     The Heated Throw Products include a blanket having one or more heating wires embedded within the blanket.

24.     The Heated Throw Products include a control switch.

25.     The Heated Throw Products include a soft control switch.

26.     The Heated Throw Products include a soft control switch embedded in the blanket.

27.     The Heated Throw Products include a soft control switch embedded in the blanket at a first position on the blanket.

28.     The Heated Throw Products include a soft control switch configured to allow a user to adjust a temperature setting of the blanket.

29.     The Heated Throw Products include a soft control switch that is water secure for washing.

30.     The Heated Throw Products include a display.

31.     The Heated Throw Products include a display located at a second position on the blanket.

32.     The Heated Throw Products include a display located at a second position on the blanket, which is proximate to the first position, i.e. the position of the soft control switch.

33.     The Heated Throw Products include a display that is water secure for washing.

34.     The Heated Throw Products include a connector.

35.     The Heated Throw Products include a connector located at a third position on the blanket.

36.     The Heated Throw Products include a connector located at a third position on the blanket, which is separated from the first position (the position of the soft control switch) and the second position (the position of the display).

37.     The Heated Throw Products include a power wire.

38.     The Heated Throw Products include a power wire embedded in the blanket.

39.     The Heated Throw Products include a power wire electrically coupling the connector and soft control switch.

40.     The Heated Throw Products include a power wire being different than the one or more heating wires.

41.     The Heated Throw Products include an external control module.

42.     The Heated Throw Products include an external control module detachably connectable to the connector.

43.     The Heated Throw Products include an external control module detachably connectable to the connector and to the one or more heating wires.

44.     The Heated Throw Products include an external control module configured to receive the temperature setting from the soft control switch.

45.      The Heated Throw Products include an external control module configured to control current flow through the one or more heating wires.

46.     The Heated Throw Products include an external control module configured to control current flow through the one or more heating wires based on the temperature setting.

47.     The Heated Throw Products include an external control module external to the blanket.

48.     E&E has put Defendant on notice of its infringement of the '376 Patent.  In particular, on September 29, 2020, E&E wrote to Defendant informing Defendant it was practicing the invention of E&E's then-pending application that led to the '376 Patent, including because Defendant was offering for sale and selling the heated blankets described above sold under the Brookstone name.  E&E requested that Defendant obtain a license if it wished to continue importing, offering for sale or selling the heated blankets practicing the invention of the '376 Patent.  Defendant did not respond.

49.     On October 29, 2020, E&E wrote to Defendant again, explaining that the '376 Patent had been issued to E&E by the United States Patent and Trademark Office, and again informing Defendant that it was practicing the invention of the '376 Patent, including because it was offering for sale and selling the heated blankets described above sold under the Brookstone name.  E&E demanded that Defendant cease infringing the '376 Patent.

50.     Defendant refused E&E's requests that it respect E&E's patent rights and continued with its infringement of the '376 Patent.

51.     Upon information and belief, Defendant's continued infringement after receiving notice of the '376 Patent from E&E was and is deliberate and intentional.

**CLAIM FOR RELIEF**
**(Infringement of the '376 Patent)**

52.      E&E repeats, realleges, and incorporates by reference the allegations set forth above in Paragraphs 1 through 51 of this Complaint.

53.     Upon information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of  the '376 Patent by making, using, offering for sale, and or/selling within the United States, and/or importing into the heated blanket products in violation of 35 U.S.C. § 271(a).

54.     Upon information and belief, Defendant has actively induced others to infringe the '376 Patent by marketing, offering for sale, and selling the Heated Throw Products, knowing and intending that such products would be used by customers and end users in a manner that infringes the '376 Patent.  To that end, Defendant provides instructions and teachings to its customers and end users that such products be used to infringe the '376 Patent in violation of 35 U.S.C. § 271(b).

55.     Upon information and belief, the acts of Defendant constitute contributory infringement of the '376 Patent in violation of 35 U.S.C. § 271(c).  Upon information and belief, Defendant contributorily infringes because, among other things, Defendant offers to sell and/or sells within the United States, and/or imports into the United States, components of heated blanket products, including the Heated Throw Products, that constitute material parts of the invention of the asserted claims of the '376 Patent, that are not staple articles or commodities of

commerce suitable for substantial non-infringing use, and that are known by Defendant to be especially made or especially adapted for use in an infringement of the '376 Patent.

56.     Upon information and belief, Defendant's infringement of the '376 Patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement after becoming aware of the '376 Patent and its infringement thereof, thus acting in reckless disregard of the patent rights of E&E.

57.     By reason of Defendant's infringement, E&E is suffering damages, including impairment of the value of the '376 Patent, in an amount yet to be determined.

58.     Upon information and belief, unless enjoined, Defendant's acts of infringement are causing irreparable harm to E&E and will continue to cause irreparable harm to E&E for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, E & E CO., LTD. respectfully requests entry of judgment in its favor as follows:

(a)     Awarding monetary damages sufficient to compensate E & E CO., LTD. for infringement of the '376 patent through payment of not less than a reasonable royalty on sales of infringing products by Defendant;

(b)     Increasing damages in view of Defendant's willful infringement;

(c)     Finding that this case is exceptional and awarding E & E CO., LTD. its attorneys' fees;

(d)     Preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, parents, subsidiaries, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors or assigns, from further infringement, contribution to

infringement or inducement of infringement of the '376 patent;

        (e)     Costs of suit;

        (f)     An award of interest, including prejudgment interest, on all damages; and

        (g)     Such other and further relief as the Court may deem just and proper.


Dated:   New York, New York       Respectfully submitted,
         November 16, 2020

                                KNOBBE, MARTENS, OLSON & BEAR, LLP


                                By:  *s/ Thomas Y. Yee*

                                   Thomas Y. Yee
                                 thomas.yee@knobbe.com
                                 Suyoung Jang (*pro hac vice forthcoming*)
                                 suyoung.jang@knobbe.com
                                 1155 Avenue of the Americas
                                 24th Floor
                                 New York, NY 10036
                                 Telephone: (212) 849-3000

                                 Joseph F. Jennings (*pro hac vice forthcoming*)
                                 joseph.jennings@knobbe.com
                                 Marko R. Zoretic (*pro hac vice forthcoming*)
                                 marko.zoretic@knobbe.com
                                 2040 Main Street, 14th Floor
                                 Irvine, CA 92614
                                 Telephone: (949) 760-0404

                                 *Attorneys for Plaintiff E & E CO., LTD.*

### Demand for Trial by Jury

Pursuant to Rule 38, Fed. R. Civ. P., E & E CO., LTD. demands trial by jury on all issues

so triable.

Dated:  New York, New York
November 16, 2020

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

By:   _s/ Thomas Y. Yee_

Thomas Y. Yee
thomas.yee@knobbe.com
Suyoung Jang (*pro hac vice forthcoming*)
suyoung.jang@knobbe.com
1155 Avenue of the Americas
24th Floor
New York, NY 10036
Telephone: (212) 849-3000

Joseph F. Jennings (*pro hac vice forthcoming*)
joseph.jennings@knobbe.com
Marko R. Zoretic (*pro hac vice forthcoming*)
marko.zoretic@knobbe.com
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404

*Attorneys for Plaintiff E & E CO., LTD.*

33872862