USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/2021

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

E & E CO., LTD.,

    Plaintiff/Counterdefendant,

v.

LONDON LUXURY LLC,

    Defendant/Counterclaimant

AND RELATED COUNTERCLAIMS

Civil Action No. 1:20-CV-9610-LTS-SDA

[~~PROPOSED~~] PROTECTIVE ORDER

WHEREAS, the parties consider certain information and documents in their possession to be confidential and proprietary and, therefore, mutually desire that a protective order limiting use, access to and disclosure of such information and documents be entered, it is hereby ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1.    Any party or non-party providing discovery in this action, whether formally or informally, may designate as "CONFIDENTIAL" any provided material that contains trade secrets and/or research, development, technical, or commercial information (including financial and business information) that the party or non-party (or any predecessor in interest to a party or non-party) regards as confidential. CONFIDENTIAL material as used in this Order shall refer to the original and copies of any so designated document, testimony or other discovery material and shall also refer to the information contained in such material. All notes, extracts and summaries of CONFIDENTIAL material shall be considered CONFIDENTIAL material and be subject to the terms of this Order.

2. In designating information as CONFIDENTIAL, a party or non-party shall make such a designation only as to material that such party or non-party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business, and that: (a) is material that is not generally known or otherwise available to the public, (b) is material that the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, or (c) is material otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

3. Any party or non-party providing discovery in this action may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any discovery material that such party or non-party reasonably and in good faith believes is so highly sensitive that its disclosure to a party in this action would provide the recipient a business, financial, or competitive advantage. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information includes: information that qualifies as trade secrets within the meaning of the Uniform Trade Secrets Act; highly sensitive financial, business, technical, or competitive information; and other information with a similar degree of confidentiality and value. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material as used in this Order shall refer to the original and copies of any so designated document, testimony or other discovery material and shall also refer to the information contained in such material. All notes, extracts and summaries of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material shall be considered HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material and be subject to the terms of this Order.

4. In designating information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, a party or non-party shall make such a designation only as to highly sensitive material that such party or non-party in good faith believes constitutes such material as matter used by it in, or

pertaining to, its business, and that: (a) is material that is not generally known or otherwise available to the public, (b) is material that the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, or (c) is material otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

5.     In the event any party disagrees at any time with a party or nonparty's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, such party shall provide to the producing party written notice of its disagreement with the designation. The producing party shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within ten (10) business days of receipt of the challenging party's written notice, the party challenging the designation may then request appropriate relief from the Court. The producing party who made the designation shall have the burden of proving that information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

6.     Discovery material designated as CONFIDENTIAL shall be maintained in confidence by the party or other authorized person to whom such material is produced or given and may be disclosed only to the following persons:

    a.     Outside counsel of record, employees of such outside counsel who are working under the direct supervision of such outside counsel, and outside vendors providing copying, coding, digitizing, translating and/or trial support services for such outside counsel;

    b.     One (1) in-house attorney or other in-house representative employed by a party, or a parent or subsidiary of a party, who is actively working on or is responsible for

this case, and such person's assistants working under the direct supervision of such person, provided that each such person has signed the undertaking annexed at Exhibit A;

  c. Subject to the procedures set forth in paragraph 8, non-party experts or other consultants who are not affiliated with a party and who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform such work ("outside consultants"), provided that each such person has signed the undertaking annexed at Exhibit A;

  d. the Court and its personnel;

  e. court reporters, videographers. and their staff;

  f. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  g. any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

  h. any other person as to whom the producing party agrees in writing in advance of any disclosure.

7. Discovery material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained in confidence by the party or other authorized person to whom such material is produced or given and may be disclosed only to the following persons:

  a. Outside counsel of record, employees of such outside counsel who are working under the direct supervision of such outside counsel, and outside vendors providing copying, coding, digitizing, translating and/or trial support services for such outside counsel;

b. Subject to the procedures set forth in paragraph 8, non-party experts or other consultants who are not affiliated with a party and who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform such work ("outside consultants"), provided that each such person has signed the undertaking annexed at Exhibit A;

c. the Court and its personnel;

d. court reporters, videographers, and their staff;

e. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

f. any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

g. any other person as to whom the producing party agrees in writing in advance of any disclosure.

8. Any person described in paragraph 6(c) or 7(b) is to be identified to the other party (with a copy of such disclosure sent to all other parties) before any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material is shown to him or her. Such identification shall include a signed Undertaking in the form annexed as Exhibit A and shall provide the person's resume or curriculum vitae and, if not included in the curriculum vitae, a summary of the person's employment and consulting history for the past four years, identification of all matters within the past four years in which the person testified at trial or deposition, and description of every current or previous employment or consulting relationship with any of the parties. The party whose material is sought to be disclosed shall have seven (7) calendar days

from the receipt of this identification to object to such disclosure, stating the reasons for such objection. If the producing party does not convey an objection to the proposed disclosure within seven (7) calendar days of receipt of this identification, the producing party will be deemed to have waived objection to the disclosure and its agreement will be assumed. If an objection is timely made, the parties shall meet and confer within five (5) calendar days to attempt to resolve the issue. There shall be no disclosure of such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material until the issue is resolved either by the parties or by Court order. If the parties are unable to resolve the objection through the meet and confer, the producing party may then seek relief from the Court within seven (7) days of the meet and confer. The producing party who made the designation shall have the burden of proving that the material should not be disclosed. If the producing party does not seek relief from the Court within this time period, the objection shall be deemed to be resolved.

9. No designation of documents, including the papers served and/or filed in this case, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be effective unless there is placed or affixed on such material the following legend prior to its production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the event that a producing party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time of its production, it may be corrected by written notification to opposing counsel and provision of a copy of such document or information bearing the appropriate confidentiality designation, and the receiving party shall return or destroy the undesignated document or information and all copies thereof. Opposing counsel and other

authorized recipients of such information shall not be responsible for any otherwise proper actions they took with respect to such information before receiving notice of the designation.

10. Testimony given at a deposition or hearing (including exhibits) may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by an appropriate statement on the record at the time of the giving of such testimony or by written notice given within ten (10) days after receipt of the transcript by the counsel for the party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material was disclosed at the deposition or hearing. During the thirty-day review period, the transcript, including exhibits, shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material. If there is no statement on the record designating the transcript or any portion of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and if no such designation is made within the thirty-day review period, the transcript shall not be considered as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, except for designations inadvertently omitted, which may be corrected by written notification as set forth in paragraph 9.

11. All material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose. Counsel of record and the parties hereto shall take reasonable steps necessary to maintain such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material for any other purpose.

12. All CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material shall be stored in a secure and safe area, and its custodians shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the receiving party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care, and shall be responsible for preventing any disclosure of such material, except in accordance with the term of this Order.

13. After a final resolution of this case from which no further appeal can be taken, receiving outside counsel may retain copies of the pleadings, transcripts and exhibits, and may retain documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product. All other CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material produced by a party, and all copies, shall be returned to the producing party, or counsel of record for the receiving party shall certify in writing that such material has been destroyed within 30 days after the final termination of the case. The obligation on outside counsel to maintain the confidentiality of material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Order shall be deemed continuing.

14. The restrictions set forth in any of the paragraphs of this Order shall not apply to information or material that may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if that information or material: (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is lawfully acquired by the non-designating party from a third party having the right to disclose such information or material independent of the producing party; or (c) was lawfully possessed by the non-designating party prior to entry by the Court of this Order.

15. Notwithstanding any other provision of this Order, at a deposition or trial in this action: a) a party or present employee of a party may be examined and may testify concerning all CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material produced by that party; (b) a former employee of a party may be examined and may testify concerning all CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material produced by that party that appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the former employee, or if counsel has a good-faith basis to believe the former employee has prior knowledge of the information contained in the document; and (c) non-parties may be examined and may testify concerning any document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information of a producing party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party. Whenever a deposition taken on behalf of any party involves a disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY of any party, the disclosing party shall have the right to exclude from attendance at said deposition, during such time as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is to be disclosed, any person other than the person(s) agreed upon pursuant to paragraphs 6 and 7 above.

16. Each person who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

17. Any party may at any time seek modification of this Order or may challenge the propriety of a designation, by agreement, or failing agreement, by motion to the Court, pursuant to the federal and local rules.

18. The provisions of this Order shall be available for application to nonparties who produce confidential information, formally or informally, in response to a subpoena or otherwise, and who in good faith believe that such material contains confidential information. Any party to this action or a non-party may designate information produced by the non-party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY within ten (10) business days of receipt of the information produced by the non-party. During the ten-day period, such information shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material. If no such designation is made within the ten-day period, such information shall not be considered to contain CONFIDENTIAL or HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY material, except for designations inadvertently omitted, which may be corrected by written notification as set forth for producing parties in paragraph 9.

19. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rules II.B.3 and III.E of Judge Aaron's Individual Practices.

20. Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of privileged or work-product protected documents or information, including electronically stored information, whether inadvertent or not, is not a waiver of the privilege or protection in connection with discovery in this case or any other federal proceeding. If, after producing documents or materials in the litigation, a producing party discovers that the documents or materials include information that is properly subject to protection

under the attorney-client privilege or the attorney work product doctrine, the producing party shall promptly provide written notice to the receiving party that the documents or materials were inadvertently produced and properly subject to protection under the attorney-client privilege or the attorney work product doctrine. Upon receiving such written notice from the producing party that privileged information or attorney work product material has been inadvertently produced, all such information, and all copies thereof, either shall be promptly returned to the producing party, or shall be destroyed and the receiving party shall promptly provide the producing party with notice that all such documents have been destroyed, except that the receiving party may retain one copy of the inadvertently produced material for the sole purpose of challenging the assertion of privilege or work product. If the receiving party disagrees with the designation of any such documents or materials as privileged or otherwise protected after conferring with the producing party in good faith, the receiving party may seek relief from the Court for production of the returned documents or materials. If the receiving party does seek relief from the Court within fifteen (15) days after conferring with the producing party, the receiving party shall return or destroy the remaining copy. The producing party shall retain all returned documents or materials for further disposition.

21. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials with the appropriate confidentiality marking.

22. Any person reviewing any of another party's Highly Confidential – Attorneys' Eyes Only Information of a technical nature shall not, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals), draft or amend any patent claims, and/or advise any attorneys or patent agents on drafting or amending any patent claims (either foreign or U.S. applications), relating to electric blankets on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate. For the avoidance of doubt, persons receiving Highly Confidential – Attorneys' Eyes Only Information are not prohibited from participating in any patent opposition, reissue, inter partes review, post grant review or reexamination proceedings, provided that such persons shall not participate in the drafting or amending of patent claims in any such proceedings. The parties expressly agree that the prosecution bar set forth herein shall be personal to any attorney who received Highly Confidential – Attorneys' Eyes Only information and shall not be imputed to any other persons or attorneys at the attorney's law firm.

23. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

24. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, provided that the contents of the information shall not be disclosed.

25. Nothing herein shall be construed to prevent disclosure of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if such disclosure is required by law or by order of the Court.

**SO STIPULATED AND AGREED.**

| *Attorneys for Plaintiff E & E CO., LTD.* | *Attorneys for Defendant London Luxury LLC* |
|---|---|
| By: _s/ Marko R. Zoretic_ | By: _s/ W. Blake Coblentz (with permission)_ |

Thomas Y. Yee
thomas.yee@knobbe.com
Suyoung Jang
suyoung.jang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1155 Avenue of the Americas
24th Floor
New York, NY 10036
Telephone: (212) 849-3000

Joseph F. Jennings (*Pro Hac Vice*)
joseph.jennings@knobbe.com
Marko R. Zoretic
marko.zoretic@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404

David B. Sunshine
dsunshine@cozen.com
COZEN O'CONNOR
277 Park Avenue
New York, N.Y. 10172
Phone: (212) 883-4911
Facsimile: (866) 812-3650

W. Blake Coblentz
wcoblentz@cozen.com
Aaron S. Lukas
alukas@cozen.com
COZEN O'CONNOR
1200 19th Street, N.W.
Washington, DC 20036

Nothing contained herein shall affect the treatment of confidential information at trial.

**SO ORDERED.**

Date: May 21, 2021

_____
Hon. Stewart D. Aaron
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

E & E CO., LTD.,

        Plaintiff/Counterdefendant,

        v.

LONDON LUXURY LLC,

        Defendant./Counterclaimant

AND RELATED COUNTERCLAIMS

Civil Action No. 1:20-CV-9610-LTS-SDA

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY ("Confidential Discovery Material"). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose Confidential Discovery Material that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State or Nation where sworn and signed: _____

Printed name: _____

Signature: _____

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2021, I caused the **[PROPOSED] PROTECTIVE ORDER** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

| | |
|---|---|
| David B. Sunshine | W. Blake Coblentz |
| dsunshine@cozen.com | wcoblentz@cozen.com |
| COZEN O'CONNOR | Aaron S. Lukas |
| 277 Park Avenue | alukas@cozen.com |
| New York, N.Y. 10172 | COZEN O'CONNOR |
| Phone: (212) 883-4911 | 1200 19th Street, N.W. |
| Facsimile: (866) 812-3650 | Washington, DC 20036 |

/s/ Marko R. Zoretic

Marko R. Zoretic
*Attorney for Plaintiff E & E CO., LTD.*

35008699