USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E&E Co., Ltd.,

                        Plaintiffs,

-against-

London Luxury LLC,

                        Defendants.

1:20-cv-09610 (LTS) (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

      Before the Court is the motion of Defendant London Luxury LLC ("Defendant" or "London Luxury"), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a)"), for leave to file an Amended Answer, Affirmative Defenses and Counterclaims to the Complaint for Patent Infringement of Plaintiff E&E Co., Ltd. ("Plaintiff" or "E&E"). (Mot. to Amend, ECF No. 42.) London Luxury's motion is GRANTED IN PART and DENIED IN PART, as set forth below.

## BACKGROUND

      On November 16, 2020, E&E filed this action alleging London Luxury's infringement of U.S. Patent No. 10,820,376, entitled "Heating blanket having an embedded control switch and an external control module" (the "'376 Patent"). (*See* Compl., ECF No. 1, ¶¶ 10, 19, 53.) On January 15, 2021, London Luxury filed an Answer, Affirmative Defenses and Counterclaim ("Answer"). (*See* Answer, ECF No. 22.) London Luxury now seeks leave to amend its Answer to: (1) assert new counterclaims for non-infringement (Count II), unenforceability (Count III) and invalidity and/or unenforceability due to improper inventorship (Count IV); (2) add 35 U.S.C. § 101 as an additional basis for its previously-asserted counterclaim for invalidity (Count I); and (3) assert an unenforceability affirmative defense due to inequitable conduct "for the reasons set forth [in

proposed] Counterclaims III and IV" (Fourth Affirmative Defense). (Proposed Amended Answer ("PAA"), ECF No. 45, at 14; *see* Def.'s Mem., ECF No. 43, at 2.)

With regard to its proposed non-infringement counterclaim, London Luxury explains that "new arguments set forth by E&E in a related proceeding (PGR2021-00083) have revealed additional non-infringement positions," although London Luxury does not plead any information about these "new arguments" or "additional non-infringement positions." (Def.'s Mem. at 2; *see* PAA at Counterclaims ¶¶ 10-12.) With regard to its proposed invalidity and unenforceability counterclaims and affirmative defense, London Luxury asserts that E&E, Michael Lightsey ("Lightsey," the sole named inventor), "and/or" Marc Sockol ("Sockol," the prosecuting attorney), "withheld material information" from the United States Patent and Trademark Office (the "PTO") "during prosecution of the application that led to the '376 patent."[1] (Def.'s Mem. at 2; *see also* PAA at Counterclaims ¶¶ 28-59.) London Luxury further asserts that E&E "and/or" Lightsey violated their duty of candor by failing to disclose that "additional individuals/organizations were involved in the conception and development of the subject matter claimed in the '376 patent." (Def.'s Mem. at 2; *see also* PAA at Counterclaims ¶¶ 61-66.)

## LEGAL STANDARDS

**I.    Motion To Amend Generally**

Rule 15(a) provides that a court should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend is within the trial

---

[1] On or about November 19, 2018, U.S. Patent Application No. 16/195,825 (the "'825 Application"), entitled "Heating Blanket Having An Embedded Control Switch And An External Control Module," was filed with the PTO by Sockol (listed as the "Filer"), E&E (listed as the "Applicant" and "Assignee") and Lightsey (named as the "sole inventor"). (PAA at Counterclaims ¶¶ 15-26.)

court's discretion. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court may deny leave to amend for "good reason," including the factors articulated in *Foman*: futility, bad faith, undue delay or undue prejudice to the opposing party. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman*, 371 U.S. at 182).

"The futility of an amendment is determined by whether it could survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), construing the amendment in the light most favorable to the plaintiff[]." *R & M Jewelry, LLC v. Michael Anthony Jewelers, Inc.*, 221 F.R.D. 398, 399 (S.D.N.Y. 2004). To defeat a Rule 12(b)(6) motion, a party must plead only enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**II.     Inequitable Conduct**

"A claim of inequitable conduct has aptly been described as the atomic bomb of patent law with far-reaching consequences." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-CV-05075 (LJL), 2020 WL 3472597, at *5 (S.D.N.Y. June 25, 2020) (cleaned up) (quoting *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288-89 (Fed. Cir. 2011)). "A finding of inequitable conduct renders the entire patent unenforceable; it also can spread from a single patent to render unenforceable other related patents and applications in the same technology

family." *Id*. (cleaned up). "Accordingly, the standards for making out such a claim are stringent." *Id*.

When pleading inequitable conduct, a defendant must comply with Federal Rule of Civil Procedure 9(b), which requires that "the circumstances constituting fraud or mistake . . . be stated with particularity." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (quoting Fed. R. Civ. P. 9(b)). The "elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Id*. at 1327 n.3. "[I]n pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id*. at 1327. Knowledge and specific intent may be averred generally, but the pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id*.

III.     **35 U.S.C. § 101 ("Section 101")**

Section 101 states: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101; *see also* 35 U.S.C. § 115(a) ("An application for patent . . . shall include . . . the name of the inventor . . . ."). Thus, where a patent application does not name the proper inventorship, a patent is invalid under section 101, *inter alia*. *See Belcher Pharms., LLC v. Hospira, Inc.*, No. 17-CV-00775 (LPS), 2019 WL 2503159, at *1 (D. Del. June 5, 2019) (denying motion to dismiss

4

counterclaim asserting invalidity under sections 101 and 115 due to improper inventorship); *cf.* Manual of Patent Examining Procedure § 2157 ("[W]here it is clear that the application does not name the correct inventorship and the applicant has not filed a request to correct inventorship . . . , [PTO] personnel should reject the claims under 35 U.S.C. 101 and 35 U.S.C. 115.").

## ANALYSIS

The Court finds no evidence that London Luxury seeks to amend its Answer in bad faith. Nor does the Court find that permitting such amendment at this date would prejudice E&E by requiring the expenditure of significant additional resources or significantly delaying resolution of the case.[2] E&E, however, asserts that London Luxury's newly proposed affirmative defense and counterclaims are futile. Thus, the Court considers the futility of each proposed amendment.

### I. London Luxury's Proposed New Counterclaim For Declaratory Judgment of Non-Infringement (Count II) Is Futile

London Luxury proposes to add as Count II a new counterclaim for declaratory judgment of non-infringement. (*See* PAA at Counterclaims ¶¶ 10-12.) London Luxury alleges that "London Luxury does not infringe the '376 patent because the accused products do not practice each claim of the '376 patent." (*Id*. ¶ 11.) E&E argues that Count II is conclusory and insufficient to state a claim. (Pl.'s Mem., ECF No. 47, at 3-4.) The Court agrees.

London Luxury fails to plead factual allegations regarding non-infringement, and its conclusory allegations plainly are not sufficient to state a plausible claim for non-infringement. *See, e.g.*, *Comcast Cable Commn's, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 273 (N.D. Cal. 2017) (dismissing non-infringement claim and noting "the amended complaint must go beyond only

---

[2] London Luxury brought its motion within the time for the parties to move to amend their pleadings. (*See* Scheduling Order, ECF No. 27.)

stating in conclusory terms that each accused product or service meets the elements of non-infringement and must also set forth factual allegations showing *how* each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the asserted patent" (emphasis in original)); *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 15-CV-00180 (AA), 2016 WL 1737740, at *4 (D. Or. May 2, 2016) (dismissing non-infringement counterclaim when defendant only stated it had not infringed on the plaintiff's patent and failed to point to any specific facts in its incorporated "facts" section); *The Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*, No. 16-CV-00440 (DN) (BCW), 2016 WL 5936874, at *5 (D. Utah Oct. 12, 2016) ("The statement that 'our products do not infringe our competitor's products' does not identify any facts upon which non-infringement may be based. It is simply a conclusion.").

Accordingly, the Court grants Plaintiff's motion as to Count II.

II. **London Luxury's Proposed New Counterclaim For Declaratory Judgment Of Unenforceability Due To Inequitable Conduct (Count III) Is Futile**

In Count III of the proposed new counterclaims, London Luxury alleges that the '376 Patent is unenforceable due to inequitable conduct, *i.e.*, the knowing and intentional failure to disclose to the PTO information material to patentability. (*See* PAA at Counterclaims ¶¶ 13-59.) London Luxury alleges that "E&E and/or Mr. Lightsey" were aware of certain material information (PAA at Counterclaims ¶ 48), and that "E&E, Mr. Lightsey, and/or attorney Sockol specifically intended to deceive the USPTO during prosecution of the '376 patent" by failing to disclose that information. (*Id*. ¶ 53.) E&E contends that London Luxury has not met its burden under Rule 9(b) to plead inequitable conduct because it does not identify any specific individual who had *both* the requisite knowledge of the withheld material information *and* the specific intent to deceive the PTO. (*See* Pl.'s Mem. at 5 (arguing that the "use of 'and/or' makes it entirely possible that the

individual(s) who might have the requisite knowledge of materiality might not be the individual(s) who acted with intent to deceive").) The Court agrees.

Under *Exergen*, a pleading alleging inequitable conduct must specifically identify, among other things, "who" is guilty of the alleged misconduct. 575 F.3d at 1328-29. More particularly, the pleading must "name the specific individual associated with the filing or prosecution of the application . . . who both knew of the material information and deliberately withheld or misrepresented it." *Id*. at 1329.

Here, although London Luxury alleges that, prior to the filing of the '825 application, Lightsey was aware of material information—namely, that a competitor's heated throw already featured an embedded soft control switch (*see* PAA at Counterclaims ¶¶ 29-33)—London Luxury has insufficiently alleged Lightsey's intent to deceive. By using the term "and/or," London Luxury's proposed allegations allow for the possibility that Lightsey—or any other person aware of the material information at issue—was not aware of the implications that information had on the form and substance of the patent application, and, conversely, that any person aware of those implications was not aware of the material information itself. *See, e.g.*, *Town & Country Linen Corp.*, 2020 WL 3472597, at *6-7 (counterclaim was futile where pleaded allegations "d[id] not establish [that] the Named Inventors knew [certain material] information was required to be disclosed or was withheld or knew of the falsity of the patent application," nor "that Plaintiffs' counsel themselves knew [the material information]")

For precisely this reason, several courts, including the Court of Appeals for the Federal Circuit, have held that an "and/or" pleading failed to satisfy Rule 9(b)'s requirements in the inequitable conduct context. *See, e.g.*, *Exergen Corp*., 575 F.3d at 1329 (pleading referring to

7

"Exergen, its agents and/or attorneys" was insufficient to satisfy the "who" requirement); *Signify N. Am. Corp. v. Reggiani Lighting USA, Inc.*, No. 18 CIV. 11098 (ER), 2020 WL 1331919, at *6 (S.D.N.Y. Mar. 23, 2020) (finding that Defendant's "use of the term 'and/or'" entailed that Defendant had "failed to allege that any one individual both (1) knew that the '138 publication was material and (2) withheld it from the PTO with the intent to deceive."); *see also Drew Techs., Inc. v. Bosch, L.L.C.*, No. 12-CV-15622 (TGB), 2014 WL 562458, at *3 (E.D. Mich. Feb. 13, 2014) ("By alleging that 'Michael Drew, Brian Herron *and/or* their representatives' . . . committed a particular act, Bosch has not alleged that any *one* of those individuals necessarily committed the particular act, nor has Bosch clearly pleaded any joint concert of action. Indeed, it appears from the pleading in the alternative that Bosch is uncertain who actually committed the act." (emphases in original)). Accordingly, the Court finds Count III futile.

### III. London Luxury's Proposed New Counterclaim For Declaratory Judgment Of Invalidity And/Or Unenforceability For Improper Inventorship (Count IV) Is Not Futile

In Count IV of its proposed new Counterclaims, London Luxury seeks a declaratory judgment of "[i]nvalidity and/or [u]nenforceability" for improper inventorship. (*See* PAA at 25 & Counterclaims ¶¶ 60-88.) As E&E notes (*see* Pl.'s Mem. at 1 n.1), Count IV confusingly appears to assert two discrete counterclaims, *i.e.*, one for a declaratory judgment of statutory invalidity based upon improper inventorship, and one for a declaratory judgment of unenforceability due to the inequitable conduct of omitting names of inventors. The Court will consider separately the futility of each such branch of Count IV.

As to invalidity, by citing only to paragraphs 62 to 65 of Count IV, E&E incorrectly argues that London Luxury proposes to baldly allege that the '376 patent "fail[ed] to meet . . . statutory requirements." (*See* Pl.'s Mem. at 4 (citing PAA at Counterclaims ¶¶ 62-65).) In doing so,

8

however, E&E ignores the factual allegations, found later in Count IV, that Lightsey was listed as the sole inventor on the '376 Patent despite prior development of the claimed subject matter by others. (*See* PAA at Counterclaims ¶¶ 68-73.) Thus, contrary to E&E's argument, Count IV adequately alleges a factual basis for the allegation that the '376 patent fails to meet statutory requirements "because, to the extent it claims any inventive subject matter, such invention was not made by the only named inventor, Michael Lightsey." (*See id*. ¶ 65.)

As to unenforceability, E&E argues that this branch of Count IV fails for the same reasons that Count III does, *i.e.*, because London Luxury's allegation that Lightsey "and/or" E&E had the specific intent to deceive the PTO does not satisfy Rule 9(b)'s requirements. (PAA at Counterclaims ¶¶ 86-87.) However, Count IV, unlike Count III, includes the express allegation that one particular individual—*i.e.*, Lightsey—possessed both the knowledge and the intent to deceive: "Mr. Lightsey *knowingly and with specific intent to deceive* the USPTO, *falsely represented* to the USPTO in his Declaration that he was the 'original' inventor of the subject matter claimed in the '825 application." (*See* PAA at Counterclaims ¶ 77 (emphasis added.) Moreover, such allegation is not merely conclusory: Claim III alleges factual bases for both Lightsey's knowledge of "a competitor's heated throw that included an embedded soft control switch" (*see id*. ¶¶ 71-74) and *Lightsey's own execution* of a Declaration asserting his "belie[f] that [he is] the original inventor or an original joint inventor" of the invention claimed in the '376 patent (*see id*. ¶¶ 68-69). Thus, in contrast with Count III, which London Luxury pleaded in such a way as to allow for Lightsey to have had material knowledge but not the requisite intent, Count III sufficiently pleads the requisite unity of knowledge and intent in a single, identified individual.

Accordingly, the Court finds neither branch of Count IV to be futile.

IV. **London Luxury's Proposed Supplementation Of Its Previously Asserted Counterclaim For Declaratory Judgment Of Invalidity (Count I) Is Not Futile**

E&E argues that the addition of Section 101 as a basis for invalidity in Count I of the Counterclaims is futile because it is "conclusory" and does not provide "any supporting facts."[3] (Pl.'s Mem. at 2.) The Court disagrees. As discussed above, the Counterclaims set forth the factual basis for London Luxury's assertion that Lightsey was not the sole inventor of the '376 Patent. London Luxury's assertion of improper inventorship is an adequate legal basis for invalidity of the '376 patent under Section 101. *See Belcher Pharms., LLC*, 2019 WL 2503159, at *1.

V. **London Luxury's Proposed Affirmative Defense Of Unenforceability Due To Inequitable Conduct (Fourth Affirmative Defense) Is Futile In Part**

London Luxury's proposed Fourth Affirmative Defense is based on the allegations of inequitable conduct contained in proposed Counts III and IV of the Counterclaims. (*See* PAA at 14.) As discussed above, the Court finds that Count III is futile, but Count IV is not. Thus, London Luxury may add its Fourth Affirmative Defense as to improper inventorship only. *See, e.g.*, *Town & Country Linen Corp.*, 2020 WL 3472597, at *7 ("Defendants' counterclaim and affirmative defense for inequitable conduct rise or fall together." (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, Defendant's motion for leave to file an Amended Answer, Affirmative Defenses and Counterclaims is GRANTED IN PART and DENIED IN PART. The Court hereby grants Defendant leave to assert its proposed new counterclaims set forth in Counts I and IV, and its proposed new affirmative defense of unenforceability due to inequitable conduct as

---

[3] Notably, E&E originally filed an answer to Count I of the Counterclaims (as pled in London Luxury's initial Answer), rather than seeking to have it dismissed. (*See* E&E Ans. To Counterclaims, ECF No. 23, ¶¶ 8-9.) Only now that Section 101 has been added has E&E sought to challenge the legal sufficiency of Count I.

to improper inventorship only, and otherwise denies its motion. Defendant shall file its Amended Answer within fourteen days of this Opinion and Order.

**SO ORDERED.**

DATED: New York, New York
November 17, 2021

_____
STEWART D. AARON
United States Magistrate Judge